IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JEFFREY BUTLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | )   No. 1:04-1160-T-An |
| | ) |
| ORMET ALUMINUM MILLS | ) |
| PRODUCTS, et. al., | ) |
| | ) |
| Defendant. | ) |

ORDER SETTING ASIDE JUDGMENT OF DEFAULT AND DISMISSING
PLAINTIFF'S COMPLAINT WITH PREJUDICE

On July 20, 2004, *pro se* plaintiff Jeffrey Butler ("Plaintiff") filed a complaint against Ormet Aluminum Mills Products and its affiliates ("Defendants") and another defendant alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq., 28 U.S.C. §§ 1981 and 1983, and the Tennessee Human Rights Act ("THRA"). Plaintiff amended his complaint on March 4, 2005. On June 8, 2005, the court granted Plaintiff's Motion for Default Judgment because Defendants had not answered or otherwise responded to the complaint. (See Order entered June 9, 2005). Subsequently, on August 24, 2005, Defendants moved for an order setting aside the default judgment and dismissing the complaint with prejudice. For the following reasons, Defendants' motion is GRANTED, the default judgment is SET ASIDE, and the complaint is DISMISSED WITH

This document entered on the docket sheet In compliance
with Rule 58 and/or 79 (a) FRCP on __9/12/05__

PREJUDICE.

I.

When both the original complaint (July 20, 2004) and the amended complaint (March 4, 2005) were filed in this case, Defendants were under the protection of an automatic stay that arose when Defendants voluntarily filed Chapter 11 bankruptcy petitions in the United States Bankruptcy Court for the Southern District of Ohio on January 30, 2004. See 11 U.S.C. § 362(a)(1). Plaintiff's legal theories were based on events that occurred prior to the bankruptcy proceedings. Therefore, Plaintiff's complaints were in violation of the automatic stay. See § 362(a)(1) (prohibiting "the commencement or continuation . . . of a judicial . . . action . . . against the debtor . . . to recover a claim against the debtor that arose before the commencement of" the bankruptcy proceedings.). This court's "continuation" of jurisdiction over Plaintiff's action, including its entry of a judgment of default, also violated the automatic stay. See id.[1]

Rule 55(c) of the Federal Rules of Civil Procedure permits the court to set aside the clerk's entry of default "for good cause shown." FED. R. CIV. P. 55(c). However, where, as here, the court has entered judgment of default, the court's decision whether to set aside that judgment is governed by Rule 60(b) and not Rule 55(b). See FED. R. CIV. P. 55(b). Rule 60(b) allows the court to relieve a party from a final judgment for one or more of

---

[1] Subsection (d) of 11 U.S.C. 362 allows the bankruptcy court to grant relief from an automatic stay in certain situations. See 11 U.S.C. § 362(d). Plaintiff, however, never sought such relief.

2

several enumerated reasons. See FED. R. CIV. P. 60(b). Three of the specified grounds for relief from a final judgment are "excusable neglect[,]" "fraud . . . misrepresentation, or other misconduct[,]" or "the judgment is void[.]" Id. (b)(3)–(4). The last enumerated ground for relief is "any other reason justifying relief from the operation of the judgment." Id. (b)(6). The issue here is whether the court should grant Defendants Rule 60(b) relief because the action in which the default judgment was entered violated the automatic stay.

Defendants argue that the default judgment should be set aside because the complaints violated the stay (and were therefore "void" or "voidable") and because the bankruptcy court has since discharged all pre-petition claims against Defendants' estates. The court considers Defendants' arguments to be "meritorious defenses" that probably would have defeated Plaintiff's claims absent the judgment of default. There is nothing suggesting that Defendants intentionally delayed these proceedings or otherwise acted in bad faith. Instead, they merely relied on the automatic stay. To the extent that this explicit, congressionally mandated stay is not a "reasonable excuse" for Defendants' failure to initially appear, this is the wrong forum to make that policy argument.[2]

Because, when the complaints were filed, Defendants were simultaneously protected by the automatic stay in bankruptcy, the court in its discretion concludes that Defendants

---

[2] Plaintiff cites, among other authorities, 11 U.S.C. § 362(b)(4). (See Pl.'s Resp. to Defs.' Mot. at 1). That provision exempts from the automatic stay provision certain suits brought by government agencies to enforce the agency's statutory mandate. See id.. Although the Equal Employment Opportunity Commission ("EEOC") did issue Plaintiff a "right to sue" letter in this case, as it does in most if not all cases, that fact does not entitle Plaintiff to assert the EEOC's exemption from the automatic stay.

should be relieved from the effects of the court's previous judgment of default. Accordingly, the Default Judgment is SET ASIDE pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

## II.

Plaintiff's pre-petition claims were presented in and considered by the bankruptcy court during Defendants' bankruptcy proceedings. The bankruptcy court held an evidentiary hearing on March 16, 2005, and, on April 11, 2005, that court ordered that Plaintiff's claims be disallowed. On May 16, 2005, that court refused to set aside its disallowance. (See Mem. Supp. Defs.' Mot., Ex. B).

The "Debtors' Joint Plan of Reorganization," confirmed by the bankruptcy court on December 15, 2004, and effective April 1, 2005, discharges pre-petition claims against Defendants that were not preserved in the confirmation order. Plaintiff's claim does not meet the plan's definition of "[a]llowed." Therefore, the effect of the confirmation order was to release Defendants from any liability to Plaintiff arising out of the actions alleged in Plaintiff's complaint and amended complaint and to permanently enjoin Plaintiff from continuing to pursue the disallowed claim.

Because the claim has been extinguished by discharge in bankruptcy, this court cannot grant Plaintiff any of the relief sought. Accordingly, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff's complaint is DISMISSED WITH

PREJUDICE.

III.

The Judgment of Default entered in this court on June 9, 2005 is SET ASIDE. Plaintiff's complaint, as amended, is DISMISSED WITH PREJUDICE. The clerk shall enter judgment according to this order.

IT IS SO ORDERED.

*[signature]*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

8 September 2005
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 17 in case 1:04-CV-01160 was distributed by fax, mail, or direct printing on September 12, 2005 to the parties listed.

---

Adam Harris
O'MELVENY & MEYERS
Times Square Tower, 7 Times Square
New York, NY 10036

Jeffrey Butler
126 Wilkinson
Jackson, TN 38301

Honorable James Todd
US DISTRICT COURT