# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 1:04-1160-T-An |
| | ) | |
| ORMET ALUMINUM MILLS, | ) | |
| PRODUCTS, et. al., | ) | |
| | ) | |
| Defendant. | ) | |

---

## ORDER DENYING PLAINTIFF'S MOTION TO REOPEN DEFAULT AND TO REINSTATE PREVIOUS CLAIMS RETROACTIVELY

---

On September 14, 2005, the clerk entered a judgment in accordance with the court's Order Setting Aside Judgment of Default and Dismissing Plaintiff's Complaint with Prejudice. On September 23, 2005, Plaintiff filed a *pro se* "Motion to Reopen Default and to Reinstate Previous Claims Retroactively." The court construes Plaintiff's motion as a timely Motion to Alter or Amend Judgment. See FED. R. CIV. P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.").

In the court's previous order, the court set aside the default judgment previously entered against Defendant Ormet Aluminum Mills Products ("Defendant") on Plaintiff's federal and state civil rights claims. Butler v. Ormet Aluminum Mills Products, No. 1:04-1160 (W.D. Tenn. Sept. 9, 2005). The court found that Plaintiff's complaint was in

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on _10/17/05_

20

violation of an automatic stay that was in effect in the United States Bankruptcy Court for the Southern District of Ohio. Id. at 2. Therefore, the court granted Defendant relief from the default judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Id. at 4. As to the underlying civil rights claims, the court dismissed them with prejudice because the court found that those claims had been extinguished by discharge in the bankruptcy court. Id.

Plaintiff's motion presents no grounds upon which to alter or amend the court's previous order and judgment. The court will only alter or amend a prior judgment if it has made a clear error of law, if there has been newly discovered evidence or an intervening change in controlling law, or to prevent manifest injustice. Gencorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Plaintiff's motion, in essence, contends that the court should alter or amend its prior judgment to prevent what Plaintiff perceives as a manifest injustice—the discharge of his claims in bankruptcy. (See Pl.'s Mot. at 1, ¶ 1). In particular, Plaintiff contends that the bankruptcy court did not provide procedural due process before discharge. Id. The problem for Plaintiff, however, is that this court is not the appropriate forum in which to attack the validity of the pre-discharge procedures that were provided by the United States Bankruptcy Court for the Southern District of Ohio. See 28 U.S.C. § 158 (an appeal from the bankruptcy court must be taken to the district court for the district in which the bankruptcy court sits); see also, e.g., Ruskin v. Daimler Chrysler Servs. of North Am., 307 B.R. 880, 883 (E.D. Mich 2002)

(stating that appeals from bankruptcy courts lie in the *district in which the bankruptcy court sits*), aff'd, 2005 U.S. App. LEXIS 21440, at *1 (6th Cir. Oct. 4, 2005).   Accordingly, Plaintiff's Motion to Reopen Default and to Reinstate Previous Claims Retroactively is DENIED.

IT IS SO ORDERED.

JAMES D. TODD
UNITED STATES DISTRICT JUDGE

*13 October 2005*

DATE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 20 in case 1:04-CV-01160 was distributed by fax, mail, or direct printing on October 17, 2005 to the parties listed.

---

Jeffrey Butler
126 Wilkinson
Jackson, TN 38301

Adam Harris
O'MELVENY & MEYERS
Times Square Tower, 7 Times Square
New York, NY 10036

Honorable James Todd
US DISTRICT COURT